IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHERYL BRENNER, MEGAN EDWARDS,
AUDREY CLOSE, MITZI FRENCH-HITTI,
CASANDRA HUBER, NALINEE MORRIS,
BRENDA WILSON,

      Plaintiffs,

vs.                                      Civ. No. 00-1091 PJK/WWD ACE

RAN KEN, INC., a Texas corporation,
d/b/a CHELSEA'S STREET PUB & GRILL,
FARMINGTON LONDON PUB, INC., a
New Mexico corporation, d/b/a CHELSEA'S
LONDON PUB & GRILL, W. GREGGORY
HAMILTON, an individual, TERRY McDANIEL,
an individual, and PETER KUCH, an individual,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' Motion to Compel Defendant McDaniel to Produce Documents [docket no. 64] filed March 12, 2001. Plaintiffs seek a current financial statement indicating the current financial worth of Terry McDaniel [request for production no. 1] and a listing of all assets, including real estate, securities, and any other thing of value owned in whole or in part by McDaniel from November 1998 to the present [request for production no. 2]. Defendant McDaniel objects, stating that the request is not reasonably calculated to lead to the discovery of relevant evidence and that it is beyond the scope of discovery permitted by Fed. R. Civ. P. 26. I disagree. The allegations and the discovery in this cause are such that Defendant McDaniel could be held liable for punitive damages. If such

liability were found, there is no question but that his financial assets would be a relevant area of inquiry.  Whether such production should be made at this time is a matter of judicial discretion.  I find that production of the information sought in items no. 1 and 2 of Plaintiffs' First Request for Production of Documents would be appropriate at this time, provided that it was done under an appropriate confidentiality order.  Such an order has been entered in this cause on February 20, 2001 [docket no. 55].

**WHEREFORE,**

**IT IS ORDERED** that on or before May 21, 2001, Defendant Terry McDaniel shall make full and complete production to Plaintiffs of the materials sought in items no. 1 and 2 of Plaintiffs' First Request for Production of Documents.

_____
UNITED STATES MAGISTRATE JUDGE