IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHERYL BRENNER, MEGAN EDWARDS,
AUDREY CLOSE, MITZI FRENCH-HITTI,
CASANDRA HUBER, NALINEE MORRIS,
BRENDA WILSON,

    Plaintiffs,

vs.                                                                         Civ. No. 00-1091 PJK/WWD ACE

RAN KEN, INC., a Texas corporation,
d/b/a CHELSEA'S STREET PUB & GRILL,
FARMINGTON LONDON PUB, INC., a
New Mexico corporation, d/b/a CHELSEA'S
LONDON PUB & GRILL, W. GREGGORY
HAMILTON, an individual, TERRY McDANIEL,
an individual, and PETER KUCH, an individual,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' Motion to Compel Defendant RAN KEN to Provide Answers and Produce Documents in Response to Discovery Requests [docket no. 61] filed March 6, 2001. Plaintiffs seek documents in response to Plaintiffs' first request for production of documents numbered 3, 4, 5, 6, 9, 11, and 12. Plaintiffs also seek full and complete answers to Plaintiffs' first set of interrogatories numbered 9, 11, 12, 13, 14, and 15. In their reply, Plaintiffs indicate that no further production is sought with respect to requests for production 3, 4, 5, 6, and 12.

*Request for Production No. 9*

Request for production no. 11 reads as follows:

All documents, correspondence, e-mails, electronic data, received by or generated by RAN KEN in connection with employee or customer complaints, whether formal or informal, regarding Terry McDaniel, Peter Kuch, Greg Hamilton, Joey Merriman or other Chelsea's Farmington employee[s] or in connection with any investigation of any such complaint.

After Defendant indicates it has no records related to Terry McDaniel, Joey Merriman, or Greg Hamilton, they object as follows:

> We consider employee or customer complaints regarding current RAN KEN employees to be irrelevant, particularly when the complaints are not based upon allegations of sexual harassment.

The objection is overruled. Production as called for in request for production no. 9 will be ordered.

*Request for Production No. 11*

Request for production no. 11 reads as follows:

> All documents, correspondence, notes and e-mails relating to any warnings, counseling, policy reminders or discipline given to employees claimed to be similarly situated to Plaintiffs.

Defendants object that the request is "vague in that we cannot determine who 'claims' that employees would be similarly situated to plaintiffs." Defendants go on to state that they do not consider any RAN KEN employees similarly situated to Plaintiffs. The objection will be sustained, and no further production will be ordered with respect to request for production no. 11.

*Interrogatory No. 9*

No further response will be required to interrogatory no. 9.

*Interrogatory No. 11*

Defendant shall furnish full and complete responses to interrogatory no. 11 with respect to Megan Edwards and Nalinee Morris.

*Interrogatory No. 12*

In interrogatory no. 12, Plaintiffs seek details as to "each lawsuit arising out of the employment relationship to which RAN KEN has been a party, either as plaintiff or defendant, at any time in the past five years, ...." I am not persuaded that Plaintiffs have showed a particularized need to explore all of RAN KEN's employment litigation; however, RAN KEN will be required to supply all of the requested information in connection with the establishment involved in the instant lawsuit.

*Interrogatory No. 13*

Defendants' objection to interrogatory no. 13, which deals with "complaints or charges ... at the Farmington location" is overruled. The information sought is discoverable, and any question of admissibility will be determined by the trial judge.

### *Interrogatories Nos. 14 and 15*

Plaintiffs seek certain identifying information about former and present employees at the Chelsea's Farmington location. Defendants seek to redact addresses and telephone numbers in connection with the interrogatories suggesting that such inquiries could be made through depositions of the employees in question. I agree with Plaintiffs who contend that this process is an effort on the part of Defendants to increase the cost of Plaintiffs' preparation of this lawsuit. I am not persuaded that the information sought places the Defendants in any type of danger because of the alleged "criminal" activities of the Plaintiffs. I agree with Defendants that it is not necessary to provide the Social Security numbers of the employees covered by these two interrogatories.

**WHEREFORE,**

**IT IS ORDERED** that on or before May 29, 2001, Defendants shall produce documents and serve answers to interrogatories in accordance with the opinion set out above.

_____
UNITED STATES MAGISTRATE JUDGE